UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BENJAMIN ALLEN and RACHEL FLOWER,

Plaintiffs,

v.

WILMINGTON TRUST, N.A., AS TRUSTEE FOR THE ARLP SECURITIZATION TRUST, SERIES 2014-2; OCWEN LOAN SERVICING, LLC; CALIBER HOME LOANS, INC.; and DOES 1-10,

Defendants.

Case No. 3:17-cv-00154-LRH-(WGC)

<u>ORDER</u>

Before the court is Defendants Wilmington Trust ("Wilmington"), Ocwen Loan Servicing, LLC ("Ocwen"), and Caliber Home Loans, Inc.'s ("Caliber") (together "Defendants") motion to dismiss. ECF No. 5. Benjamin Allen and Rachel Flower ("Plaintiffs") filed an opposition. ECF No. 10. Defendants submitted a reply. ECF No. 14. Also before the court is Defendants' Request for Judicial Notice (ECF No. 6) and Plaintiffs' Objections thereto (ECF No.9)

**I.  Background**

This case involves the assignment of an interest in real property occupied by Plaintiffs. *See* ECF No. 1 at Ex. 2. The above-named Defendants are the current trustees of the interest in the property. Plaintiffs allege that 10 unnamed and unidentified individuals aided the Defendants in all or part of their actions. Plaintiffs assert that the original assignment and subsequent actions

1

to foreclose on their property were done fraudulently and with the intent to unlawfully claim ownership of the subject real property. *Id.*

On November 8, 2007, Plaintiffs executed a promissory note ("Note") and deed of trust ("DOT") in favor of Countrywide Bank, F.S.B. ("CW") in the amount of $512,000. ECF No. 6 at Ex. 2. The Note and DOT were secured by Plaintiffs' property at 1072 War Bonnet Way, Incline Village, Nevada (the "Property"). *Id.* Mortgage Electronic Registration System, Inc. ("MERS") was the original-named beneficiary under the DOT. ECF No. 6 at Ex. 1. The DOT named MERS as the nominee of the trust, acting on behalf of the lender and the lender's successors and assigns, as well as the successors and assigns of MERS. *Id.* The DOT further provided that while MERS held only legal title to the interests, MERS retained the right to exercise any and all interests including the right to foreclose and sell the property and the right to take any action required of the lender. ECF No. 6 at Ex. 2.

On January 11, 2008, CW entered into a merger agreement with Bank of America whereby Red Oak Merger Corp., a subsidiary of Bank of America, would merge with CW. ECF No. 1 at Ex. 2. The merged companies formed Country Wide Financial ("CWF") and retained all of the remaining assets of CW. *Id.* Plaintiffs assert that the DOT did not transfer to CWF because it was "table-funded"[1] by a special purpose entity through a securitization process. *Id.*[2]

In March 2014, MERS assigned the DOT to non-party Christiana Trust as trustee for ARLP Trust 4 (the "First Assignment"). ECF No. 6 at Ex. 3. MERS did so pursuant to its authority as nominee for CW, its successors, and its assigns. In April 2015, the DOT was then assigned by Christiana Trust to Wilmington (the "Second Assignment"). ECF No. 6 at Ex. 4. In June 2015, Western Progressive – Nevada, Inc. was substituted as trustee under the DOT by Wilmington. ECF No. 6 at Ex. 5. Plaintiffs subsequently defaulted on the terms of the DOT. ECF No. 6 at Ex. 6. As a result, on August 20, 2015, Wilmington recorded a Notice of Default and

///

///

---

[1] "Table-funding" is a process that allows brokers to originate, process, and close loans in their name.
[2] Plaintiffs have not submitted any evidence to the court to support their assertions.

Election to Sell Real Property.[3] *Id.* In April 2016, Wilmington Trust assigned its interest in the DOT to U.S. Bank N.A., as trustee for LSF9 Master Participation Trust. ECF No. 6 at Ex. 7.

Plaintiffs elected to mediate the foreclosure of the Property through the Nevada Foreclosure Mediation Program ("FMP").[4] *See* ECF No. 6 at Ex. 10. At the FMP hearing on January 7, 2016, Defendants produced the original bank-endorsed promissory note along with certified copies of the original DOT and the subsequent assignments. *Id.* After the parties were unable to reach an agreement, the mediator found for Defendants. *Id.*

After the FMP hearing, Plaintiffs filed a petition for judicial review with the Second Judicial District Court (the "state court"), challenging the mediator's decision allowing the lender to foreclose on the Property. *Id.* On September 30, 2016, the state court affirmed the mediator's decision. *Id.*

Plaintiffs then filed a motion for reconsideration of the order of affirmance. *See* ECF No. 6 at Ex. 11. The state court denied the motion, holding that the Plaintiffs failed to demonstrate that the original decision was clearly erroneous and failed to present any new issues or evidence not previously considered by the state court. *Id.* The office of the FMP then issued a certificate allowing the foreclosure to proceed. ECF No. 6 at Ex. 12.

U.S. Bank N.A., as trustee, substituted Summit Real Estate Services, Inc. as trustee of record for the DOT. ECF No. 6 at Ex. 8. Summit Real Estate, Inc. then recorded a Notice of Trustee's Sale on January 24, 2017, on behalf of Caliber, which is serving as Wilmington's new loan servicer. ECF No. 6 at Ex. 9. Plaintiffs have not appealed the order denying reconsideration or the order of affirmance to the Nevada Supreme Court. Instead, Plaintiffs filed this action in state court on February 10, 2017. ECF No. 1 at Ex. 2. The Defendants removed to this court on March 9, 2017. ECF No. 1.

///

///

---

[3] A Notice of Default and Election to Sell Real Property is a statement by the interest holder of intention to foreclose on the property.

[4] The Nevada Legislature created the FMP in response to the 2009 housing market crash in Nevada. It exists to allow lenders and home owners to discuss financial options available to the parties in lieu of foreclosure. *See generally* NRS § 107.086 (section repealed on June 30, 2017).

## II. Legal Standard

Defendants seek dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. *See* ECF No. 5. A court reviewing a motion to dismiss under 12(b)(6) accepts the facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a 12(b)(6) motion, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed allegations, however, a pleading must be more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544, 555 (2007)). While the court does accept factual allegations as true, "bare assertions. . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.*

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the pleaded facts allow the court to draw a reasonable inference, based on judicial experience and common sense, that the defendant is liable for the alleged conduct. *See id.* at 678–69. The standard asks for more than a mere possibility that a defendant has acted unlawfully. *Id.* at 678. Where a complaint pleads facts that are merely consistent with a theory of liability, "it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* Therefore, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

## III. Discussion

Plaintiffs allege that the first assignment—which the subsequent assignments depend upon for validity—lacked legal authority because CW was incapacitated and unable to contract

with any agent under the DOT. Therefore, Plaintiffs assert that MERS only had the capacity to act as an agent for CW and necessarily lacked the authority to assign the interest. While the Plaintiffs make four separate claims for relief, the only issue presented before the court is whether the First Assignment to Christiana Trust is valid. The court finds that this issue was already fully litigated in and decided by the state court, thereby barring Plaintiffs from re-litigating the issue under the doctrine of issue preclusion. The court explains its reasoning below.

**A. Judicial Notice**

Plaintiffs object to the Defendants' request that the court take judicial notice of Exhibit 10, the order affirming the mediator's decision; Exhibit 11, the order denying Plaintiffs' motion for reconsideration; and Exhibit 12, the decision of the FMP mediator. Plaintiffs assert that the exhibits lacked seal and execution, lacked a certified copy on public record, and are hearsay and therefore inappropriate for judicial notice.

Fed R. Evid. 901(b)(7)(A) states that evidence about public records may be authenticated and accepted by a court if the document was recorded or filed in a public office as authorized by law. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that court filings and records are considered matters of public record). Exhibits 10 and 11 are documents from the state court, which bear Judge Stiglich's signature and a stamp of electronic filing from the clerk of the state court. Exhibit 12 contains the seal and signature of the director of the FMP. Furthermore, these documents are from the public offices where items of this kind–court records and mediation certificates–are normally kept. *See* Fed. R. Evid. 901(b)(7)(B). The truth of these documents can be easily verified. Therefore, the court shall recognize these documents as validly authenticated.

Plaintiffs' argument that the above documents are hearsay is without merit. Court documents concerning the parties' contentions cannot be hearsay and "[a] prior judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties." *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004). Exhibits 10 and 11 concern the prior judgments of the state court concerning an issue litigated by

1 the Plaintiffs. Exhibit 12 is the certificate produced at the conclusion of the Plaintiffs' voluntary participation in the FMP. Therefore, the documents detail a prior judgment and are not hearsay.

**B. Issue Preclusion**

Defendants assert in their motion to dismiss that the single issue from which all of the Plaintiffs' claims arise was already litigated, and the doctrine of issue preclusion therefore bars the issue from being re-litigated. The court agrees. The doctrine of issue preclusion prevents a party from arguing issues that were previously adjudicated by a court, even if the causes of action arising from those issues are different. *See Five Start Capital Corp. v. Ruby*, 194 P.3d 709, 711–12 (Nev. 2008) (distinguishing issue and claim preclusion). The defense of issue preclusion has three elements: (1) The issue previously decided must be identical to the issue currently before the court; (2) the initial ruling addressed the merits and was final; and (3) the party against whom the judgment is asserted was a party or in privity with a party to the prior litigation. *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994). The court finds that the Defendants have shown all three elements and that the Plaintiffs are precluded from re-litigating the only issue they raise in their complaint.

The only issue that the Plaintiffs allege—the legality of the first assignment—is identical to the issue that the FMP hearing addressed and the issue that was appealed to the state court. The mediator found that the Defendants submitted evidence necessary to demonstrate valid authority to negotiate, which proved that the Defendants had legal authority to assign the trust. The state court affirmed this finding. In the present case, the Plaintiffs again challenge the validity of the first assignment by asserting that MERS lacked legal authority to assign the trust. This is the same issue that was fully litigated before the mediator and the state court.

The ruling given by the state court was based on the merits of the case and is a final decision that may only be appealed to the Nevada Supreme Court—not this court. The Nevada Supreme Court defines the term "final judgment" to mean a judgment that "disposes of all the issues presented in a case . . . ." *Lee v. GNLV Corp.*, 996 P.2d 416, 417 (2000). The state court considered all of the evidence and the findings of the mediator in the FMP. The state court then issued an order affirming the mediator's findings and permitting the Defendants to proceed with

foreclosure. Because the state-court order addressed the only issue the Plaintiffs brought before the court, the order is a final decision on the merits of the case.

The parties before the court are also the same parties that participated in the FMP and the subsequent litigation in state court. The court finds that all of the elements of the doctrine of issue preclusion have been satisfied and that Defendants are entitled to assert it as a defense against Plaintiffs' claims. Therefore, the court grants Defendants' motion to dismiss.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Defendants Wilmington Trust, N.A., Ocwen Loan Servicing, LLC, and Caliber Home Loans, Inc.'s Motion to Dismiss (ECF No. 5) is **GRANTED**.


IT IS SO ORDERED.

DATED this 14th day of August, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE